UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DR. KROXTON, ET AL.,<br><br>　　　　Defendants. | Case No. CV 17-9231-DMG (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

On December 18, 2017, Plaintiff Frank Rodriguez ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed[1] a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging deliberate indifference against defendant Dr. Kroxton for refusing to prescribe medications, and against defendants Peake and Lewis for denying Plaintiff's related administrative appeals. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

## II.
## **BACKGROUND**

On December 18, 2017, Plaintiff constructively filed the Complaint pursuant to Section 1983 against defendants Dr. Kroxton, Peake, and Lewis in both their individual and official capacities. ECF Docket No. ("Dkt.") 1, Compl. at 2-3. Plaintiff alleges defendant Dr. Kroxton was deliberately indifferent to Plaintiff's medical needs and violated his "constitutional right to adequate medical treatment for severe anxiety attacks" by "refusing to describe proper medication." Id. at 3, 5. Plaintiff also claims deliberate indifference against defendants Peake and Lewis, for denying his appeals for "proper medications." Id. at 3, 5.

Plaintiff seeks general relief and punitive damages. Id. at 6.

## III.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,

1106 (9th Cir. 1995). If, however, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST DEFENDANTS DR. KROXTON, PEAKE, AND LEWIS

#### 1. Applicable Law

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable constitutional claim against a state officer in their official capacity, the plaintiff must demonstrate that a "policy or custom" of the governmental entity of which the official is an agent was the "moving force" behind the constitutional violation. Id. A plaintiff must show "that a [state] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy was "(1) the

cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

**2. Analysis**

Plaintiff alleges a claim against defendants Dr. Kroxton, Peake, and Lewis in their official capacity. Compl. at 2-3. However, Plaintiff fails to present any facts indicating defendants Dr. Kroxton, Peake, and Lewis are acting pursuant to a specific policy, custom, or practice that is the "moving force" behind Plaintiff's alleged constitutional violations. See Graham, 473 U.S. at 166 ("[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."); see also Harris, 489 U.S. 378. In fact, Plaintiff fails to identify any policy or custom that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." See Trevino, 99 F.3d at 918.

Accordingly, Plaintiff fails to allege an official capacity claim against defendants Dr. Kroxton, Peake, and Lewis. Hence, Plaintiff's claim against Dr. Kroxton, Peake, and Lewis in their official capacity must be dismissed.

**B. PLAINTIFF FAILS TO ALLEGE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANTS DR. KROXTON, PEAKE, AND LEWIS IN THEIR INDIVIDUAL CAPACITY**

**1. Applicable Law**

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (alterations omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); see also Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant: (1) deprived him of an objectively serious

medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" Peralta, 744 F.3d at 1081 (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'" Id. at 1082. The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). "Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Id. (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). In either case, however, the indifference to the inmate's medical needs must be substantial – negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

A difference of opinion between prison-patient and prison medical authorities regarding treatment does not rise to the level of deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 84 (9th Cir. 1970). A prisoner's preference for a stronger medication allegedly denied on administrative appeal "represents precisely the type of difference in medical opinion between a lay prisoner and medical personnel that is insufficient to establish a constitutional violation." Parlin v. Sodhi, No. 10-6120 VBF (MRW), 2012 WL 5411710, at *4-5 (C.D. Cal. Aug. 8, 2012). Additionally, a

difference of opinion between medical professionals concerning the appropriate course of treatment does not generally amount to a deliberate indifference to serious medical needs. See Toguchi, 391 F.3d at 1058; Sanchez, 891 F.2d at 242; see also Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

**2. Analysis**

  **a. Defendant Dr. Kroxton**

Plaintiff alleges defendant Dr. Kroxton was deliberately indifferent to Plaintiff's "medical needs by refusing to describe proper medication." FAC at 3. Plaintiff claims defendant Dr. Kroxton violated his "constitutional right to adequate medical treatment for severe anxiety attacks" by proscribing "ineffective medication, i.e. [R]em[er]on and [B]us[p]ar whereas [A]tivan or [V]alium [wa]s proper" as indicated by his "acting physician[']s]" letter. Id. at 5.

However, a difference of opinion between Plaintiff and defendant Dr. Kroxton, or a difference of medical opinion between Plaintiff's "acting physician" and defendant Dr. Kroxton regarding medication does not amount to a deliberate indifference to serious medical needs. See Toguchi, 391 F.3d at 1058 (finding defendant doctor's change of prescription to an allegedly inferior drug failed to show deliberate indifference as a matter of law). Hence, Plaintiff fails to state a deliberate indifference claim against defendant Dr. Kroxton for proscribing different medications than requested. See Lua v. LAC CSP Med. Officials, No. CV 10-3548 DOC (JCG), 2011 WL 1743260, at * 2–3 (C.D. Cal. March 23, 2011) (finding prisoner who was placed on "lesser medications" instead of Tramadol or other pain relief medications, alleged merely a difference of medical opinion as to his preferred pain medication rather than an actionable Eight Amendment claim of deliberate indifference); Briones v. Grannis, No. CV 09-08074-VAP (VBK), 2010 WL 3636139, at *6 (C.D. Cal. Sept. 14, 2010) (finding failure to provide plaintiff with her requested medications is not sufficient to state a claim of deliberate indifference).

Accordingly, Plaintiff fails to allege a claim of deliberate indifference against defendant Dr. Kroxton for proscribing different medications. Hence, Plaintiff's claim against defendant Dr. Kroxton must be dismissed.

### b.     **Defendants Peake and Lewis**

Plaintiff appears to allege a claim under deliberate indifference against defendant Peake for denying his "1st level appeal requesting proper medication" and against defendant Lewis for denying his "3rd level appeal requesting proper medications." FAC at 3, 5. However, Plaintiff fails to state a claim because defendants Peake's and Lewis's administrative denials of Plaintiff's appeals for his requested medications do not amount to disregarding an excessive risk to Plaintiff's health. See Peralta, 744 F.3d at 1082. Rather, the denials simply reflect a difference in medical judgment or opinion, which do not rise to deliberate indifference. See Toguchi, 391 F.3d at 1058.

Accordingly, Plaintiff fails to allege a claim of deliberate indifference against defendants Peake and Lewis for denying his appeals. Hence, Plaintiff's claims against defendants Peake and Lewis must be dismissed.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.     Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

8

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: January 09, 2018

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge